**United States District Court**
For the Northern District of California

1

2

3                          UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6

7    FRANCISCO J. FENTANES,

8              Plaintiff,                        No. C 09-0824 PJH (PR)

9         v.                                     **ORDER OF DISMISSAL**

10   CONTRA COSTA COUNTY, COURT
     OF APPEAL, and RICHMOND
11   COURTHOUSE,

12             Defendants.
                                        /
13

14        Plaintiff, a prisoner at the Contra Costa County Jail, has filed a pro se civil rights

15   complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma

16   pauperis.

17        Venue is proper in this district because a substantial part of the events giving rise to

18   the action occurred in this district.  *See* 28 U.S.C. § 1391(b).

19                                   **DISCUSSION**

20   **A.    Standard of Review**

21        Federal courts must engage in a preliminary screening of cases in which prisoners

22   seek redress from a governmental entity or officer or employee of a governmental entity.

23   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

24   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

25   be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at

26   1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police*

27   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

28   ///

**United States District Court**
For the Northern District of California

1  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

2  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

3  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

4  grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations

5  omitted).  Although in order to state a claim a complaint "does not need detailed factual

6  allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'

7  requires more than labels and conclusions, and a formulaic recitation of the elements of a

8  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

9  above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

10  (2007) (per curium) (citations omitted).  A complaint must proffer "enough facts to state a

11  claim for relief that is plausible on its face."  *Id.* at 1974.

12  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements:  (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged deprivation was committed by a person acting under the

15  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **B.    Legal Claims**

17  The United States Supreme Court has held that to recover damages for an

18  allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

19  whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

20  prove that the conviction or sentence has been reversed on direct appeal, expunged by

21  executive order, declared invalid by a state tribunal authorized to make such determination,

22  or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v.*

23  *Humphrey*, 114 S. Ct. 2364, 2372 (1994).

24  Plaintiff contends the court, the prosecutor, his public defender, and "others" are

25  conspiring to deprive him of his right to appeal and other rights.  It is unclear whether he

26  has been convicted; from his statement of claim, it appears that he may be referring to an

27  attempt to take an interlocutory appeal of some sort.  It does not matter, however, because

28  *Heck* applies not only to claims arising out of a conviction, but also to pending charges.

**United States District Court**

For the Northern District of California

1    *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred

2    plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Alvarez-*

3    *Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1997) (*Heck* bars claims

4    which necessarily implicate the validity of pending criminal charges); *Smithart v.*

5    *Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants

6    lacked probable cause to arrest him and brought unfounded criminal charges against him).

7    Under *Heck*, a civil claim which necessarily implicates the validity of pending criminal

8    charges does not accrue until after one has succeeded in the criminal realm.  *Alvarez-*

9    *Machain*, 107 F.3d at 700-01.

10          This complaint fails to state a cognizable claim under Section 1983 and must be

11   dismissed.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims

12   barred by *Heck* may be dismissed sua sponte without prejudice).

13                              **CONCLUSION**

14          For the foregoing reasons plaintiff's claims are **DISMISSED** without prejudice to

15   asserting them in a new case if a cause of action ever accrues.

16          **IT IS SO ORDERED.**

17   Dated:  April 20, 2009.

                                                          PHYLLIS J. HAMILTON
18                                                        United States District Judge

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\PJH\CR.09\FENTANES0824.DSM.wpd

3